J. H. HUMPE, APPELLEE, V. E. S. JOSEPHINE TAYLOR, APPELLANT.

FILED OCTOBER 11, 1929. NO. 26785.

*R. C. Hunter,* for appellant.

*O. B. Clark, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

GOOD, J.

In an action to recover a real estate broker's commission, plaintiff had verdict and judgment, and defendant appeals.

The action was founded upon a written contract, the material part of which is as follows:

"Know all Men by These Presents: That J. H. Humpe, agent, of the city of Lincoln, county of Lancaster, and state of Nebraska, for the consideration of the sum of one and no-100 dollars in hand paid, at or before the ensealing and delivery of these presents by E. S. Josephine Taylor, of the city of Lincoln, county of Lancaster, and state of Nebraska, have agreed and do hereby agree to hold until the 30th day of October, A. D. 1927, at 12 o'clock m., time being the essence and important part of this option, subject to the order of the said J. H. Humpe, or assign, the following described property, to wit: The one hundred ten (110) feet by one hundred ten (110) feet located at the Southwest corner of O street and Cotner boulevard.

"It is further agreed that purchaser shall have the privi-

lege of purchasing any amount from 110 feet to 125 feet square, or to transfer the said property at any time within the time above prescribed, to the said J. H. Humpe, or such person or persons as he or they may direct at and for the price of sixty-five hundred ($6,500) dollars good and lawful money of the United States of America, payable on the following terms: The entire amount of the purchase price to be cash, the understanding being that the price is to be $7,000 for 125 feet square or the proportion between $6,500 and $7,000 according to the number of feet required between 110 feet and 125 feet.

"It is also agreed that Mrs. Taylor will pay the regular commission of five per cent. on the first three thousand dollars and two and one-half per cent. on the balance. * * *

"Dated at Lincoln this 30th day of Sept., A. D. 1927.

"(Signed) E. S. Josephine Taylor.
"(Signed) J. H. Humpe."

In effect, the answer admitted the execution of the contract, and denied the other allegations of the petition.

At the close of all the testimony, defendant moved for an instructed verdict, and asserts that there was error in the overruling of the motion. Except the naked promise to pay a commission, nowhere in the contract is there found anything indicating that defendant was listing the property with the plaintiff as a broker; nor is there anything to indicate that the plaintiff undertook or agreed to sell, or attempted to sell, the property, or find a purchaser for the premises. Plaintiff's contention seems to be that, although the contract was in the form of an option, that was only a method by which he could effect a sale to a prospective purchaser. The record discloses, however, that for more than ten years a trust company, of which plaintiff was an employee, had acted as agent for the Standard Oil Company, in procuring sites for its oil stations in the vicinity of Lincoln, Nebraska; that some time prior to September, 1927, the Standard Oil Company had communicated with the trust company, expressing a desire for a location for an oil station at the corner of Cotner Boulevard and O street in

the city of Lincoln. Thereupon, the trust company sent its employee, the plaintiff, to ascertain who were the owners and whether the site at the location indicated could be had for the oil company. Plaintiff then went to the defendant and sought an option on the premises described. She refused to sign an option contract until plaintiff informed her that it was for the Standard Oil Company. Thereupon, the above contract was executed. A few days later plaintiff informed defendant that the oil company would avail itself of the option and take title to the property. The sale was never consummated; whether through the fault of defendant, we think it unnecessary to determine.

From the record it clearly appears that plaintiff was not acting as a broker to procure a purchaser for defendant's property, but, on the contrary, he was acting on behalf of his employer, the trust company, in procuring an option for the benefit of the Standard Oil Company. What he did was for and in the interest of the trust and oil companies. In fact, he was in no position to represent the defendant, because it was his obligation and duty, in representing the Standard Oil Company, to procure the site for it as cheaply as he could. Had he been acting solely for the defendant, it would have been his duty to find a purchaser for her on the best terms obtainable. We think the record clearly discloses that at that time he was not only disqualified to act as broker for defendant, but, in fact, he did not do so.

A broker will not be allowed to recover from a proposed vendor a commission for broker's services where, at the time of the alleged service, he was disqualified to act for the vendor. A broker's commission cannot be recovered from a vendor where the evidence discloses that the only service rendered was for the vendee. It necessarily follows that the judgment for plaintiff cannot be sustained.

Pursuant to the provisions of section 9126, Comp. St. 1922, plaintiff was awarded an attorney's fee. Since he was not entitled to recover on his cause of action, he was not entitled to any allowance for attorney's fees.

The judgment is reversed, with directions to dismiss plaintiff's cause of action.

REVERSED.